IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY MAROKUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-1008-C |
| ) | |
| UNITED STATES OF AMERICA ) | |
| VETERANS ADMINISTRATION ) | |
| MEDICAL CENTER OF OKLAHOMA,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, acting pro se, filed the present action against Defendant asserting claims arising from Defendant's attempt to collect money from him. After filing his initial Complaint, Plaintiff requested leave to amend his cover sheet to clarify that the statutory basis for his claim was 26 U.S.C. § 7201. The Court granted Plaintiff's request, directing him to file an Amended Complaint, not just an amended cover sheet. In that Order, the Court advised Plaintiff that he could not pursue his claim pursuant to 26 U.S.C. § 7201, as no private right of action existed under that statute.

In accordance with the Court's Order, Plaintiff filed an Amended Complaint, relying on 38 U.S.C. § 4214. Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P.

---

[1] Plaintiff initially named Michele Pipgrass as Defendant. Pursuant to 28 U.S.C. § 2679(d)(1), the United States Attorney has certified that Ms. Pipgrass was acting within the scope of her employment at the time the incident giving rise to the current case occurred. Accordingly, the United States is substituted as the proper Defendant.

12(b)(1), noting that §4214 does not provide a private right of action and therefore the Court lacks subject matter jurisdiction to consider the claim.

Rather than respond directly to Defendant's Motion, Plaintiff filed a Motion to Dismiss Defendant's Motion to Dismiss. As Defendant notes, acting in that manner is improper. See Ysais v. N. M. Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009). However, in light of Plaintiff's pro se status, the Court will treat the Motion as a Response rather than striking it. Plaintiff has also filed a Motion for Summary Judgment, requesting relief pursuant to the Federal Tort Claims Act.[2] Finally, Plaintiff filed a document entitled "Plaintiff's Reply to Defendants' Further Motion to Suppress" (Dkt. No. 24). It is unclear what the purpose of this document is, as Defendant has not filed a Motion to Suppress. To the extent Plaintiff intended it as a Sur-Reply, it would be improper. See LCvR7.1(i). Nonetheless, the Court has considered the issues raised in the brief to the extent they shed some light on the nature of Plaintiff's claim.

Through the parties' briefing, a somewhat clearer picture of the nature of Plaintiff's claim arises. Plaintiff was employed by Defendant to serve as a physician in Oklahoma City. Pursuant to the terms of his employment, Plaintiff was paid a $10,000 signing bonus. Plaintiff was terminated from employment with the Defendant after 19 days. Eventually Plaintiff brought a discrimination action, alleging discrimination related to his termination. The parties engaged in an alternative dispute resolution proceeding whereby the Plaintiff's

---

[2] Defendant has treated this document as a Motion to Amend to add the FTCA claim and filed a Response. Plaintiff has filed a pleading addressing that Response.

claims were resolved. As a result of that resolution, the parties executed an agreement outlining the terms of the settlement. According to Defendant, nothing within the terms of that settlement addressed the issue of the $10,000 bonus which had previously been paid to Plaintiff. Defendant argues that by regulation it is required to recover that bonus, as Plaintiff did not complete the terms which would entitle him to retain it. Plaintiff's position on the matter is somewhat unclear, although it is apparent from his conduct that he does not believe he should be forced to repay the signing bonus.

From the pleadings filed in this matter, Plaintiff has suggested three potential causes of action: 1) violation of 38 U.S.C. § 4214; 2) violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.; and 3) breach of contract. None of these theories are viable.

Considering first § 4214, as Defendant correctly notes, that statute does not provide a private right of action. See Ledbetter v. Koss Constr., No. 97-3362, 1998 WL 450847 (10th Cir. July 24, 1998); Suazo v. Regents of Univ. of Cal., No. 97-2211, 1998 WL 339714 (10th Cir. June 24, 1998); and Antol v. Perry, 82 F.3d 1291, 1297 (3d Cir. 1996).

Turning to the FTCA, Plaintiff raises this theory for the first time in his Motion for Summary Judgment. The fatal flaw for this claim is Plaintiff's failure to demonstrate exhaustion of administrative remedies. Because the FTCA operates as a waiver of the United States' sovereign immunity, it requires compliance with several strictly construed prerequisites. The one decisive here is found at 28 U.S.C. § 2401(b), which states in pertinent part: "A tort claim against the United States shall be forever barred unless it is

presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." "The burden is on the plaintiff to plead and prove compliance with § 2401(b)." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999). Plaintiff has failed to offer any proof that he filed an appropriate administrative claim with the requisite agency before filing the present action. In its most recent filing Defendant notes that Plaintiff has filed at least two administrative claims. The first was filed on December 23, 2013, and denied on January 22, 2014. This action was filed on September 18, 2014, or more than six months after the denial. Therefore, Plaintiff failed to file his action within the 6-month period required by the FTCA. The second administrative claim was filed on December 7, 2014, which was during the pendency of this action. Consequently, that claim cannot satisfy the prerequisites for bringing an FTCA claim. See McNeil v. United States, 508 U.S. 106 (1993) (upholding dismissal of FTCA action where it was filed prior to final agency denial).

Finally, Plaintiff suggests that he is pursuing a breach of contract claim based on Defendant's failure to adhere to the terms of the settlement agreement. Assuming, without deciding, that Plaintiff could pursue a breach of contract claim in this Court, the Court notes that the terms of the settlement agreement would dictate the only course of action available to Plaintiff for any breach of that agreement. Under the clear terms of the agreement reached by the parties, any questions or concerns regarding that settlement were to be handled by notifying the Deputy Assistant Secretary for Resolution Management within thirty days after the date of the alleged breach. Again, Plaintiff has failed to plead any facts demonstrating

4

he complied with that requirement. Plaintiff's failure to adhere to the terms of the settlement agreement preclude any ability to assert a claim related to that document in this Court.

For the reasons set forth above, Defendant's Motion to Dismiss (Dkt. No. 20) is GRANTED and this matter is dismissed without prejudice. "Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss" (Dkt. No. 21), Plaintiff's Motion for Summary Judgment (Dkt. No. 22), and "Plaintiff Motion to Rest" (Dkt. No. 26) are DENIED. A separate judgment will issue.

IT IS SO ORDERED this 30th day of January, 2015.

ROBIN J. CAUTHRON
United States District Judge